24-931 Robert Joyce v. Consolidated Edison Company, et al. I understand Mr. Joyce is here and has five minutes for oral argument. And the opposing side is on submission. So, Mr. Joyce, as you saw, when we have two people up here, we go back and forth. So normally you would hold on to some time and you would come back up, but this time the podium is all yours. Thank you. So you have five minutes and there's the microphones you can adjust whenever you're comfortable. Please proceed. All right. Thank you. If it pleases the court, my name is Robert Joyce and I'm appealing pro se and I'm appealing to this court to reverse the district court's order, which adopted the magistrate's report and recommendation in its entirety and denied my motion for leave to file my amended petition due to futility. The court committed numerous errors not allowing the amended petition to survive technically what is a motion to dismiss. The first error I will address is the court ruling the union did not preach their duty to fairly represent me throughout the agreements and arbitration proceedings in regards to the litigation packages that were never turned over and the broken chain of custody. I'm going to cite a case, whether the union breached its duty of representation depends upon the facts of each case. That's a case in the Fourth Circuit, Thomas versus Brotherhood and in the Sixth Circuit, Trotter versus Almagada Association of Street Railway Employees. The facts in this case, or at least the arguments made in the proposed amended petition, is the union allowed to defend the consolidated Edison, the collective bargaining contract, and ignore my six written requests for the litigation packages. And the union failed to investigate, never asking one question why the documents were not being turned over to me. The court committed an error ruling this was just merely just an example of a union failing to obtain certain evidence, which is insufficient to prove a breach of duty. Second circuit precedent is to show that a union's tactical decisions are failing to present witnesses or that it's alleged perfunctory or otherwise inadequate representation of an employee during agreements, grievance, arbitration proceedings are enough to support a breach of a union's duty of fair representation. The evidence must sufficiently indicate that the union's actions amount to conduct and evidence to the employers and so unrelated to legitimate union interest has to be arbitrary. That is NLRB versus Local 282. The union not investigating, an investigation could be a one sentence email asking, hey, why aren't the litigation packages being turned over to our member? I was terminated from the results of a drug screening. After kind of it's at a laboratory, test my split specimen sample and it came up, it reconfirmed the presence of the drug found in the primary sample. So the litigation package and the documents from the laboratory, they are very important to the case, very important for me to try to show I never ingested a drug. Also, the chain of custody documents, they were turned over too much later than according to two clauses in the CBA and the union never said nothing. The chain of custody forms were incomplete and insufficient so I terminated my employment. I informed the union within one hour on May 18th that the chain of custody forms were incomplete. They failed to respond to my email. I informed them a couple of times over the next few days. They never responded to my emails. I notified Con Edison and the union in a group email and on May 24th, 2021, and informed them that the chain of custody forms were incomplete. The test was required to be canceled. And I asked the medical review officer, Con Ed's MRO, to cancel the test. They never responded. The day before the arbitration hearing, 70 days after I notified Con Edison and the union that the chain of custody forms were incomplete, Con Edison turned over chain of custody forms that had the split specimen sections completed. They said, oh, we found them. They didn't say that actually for the arbitration hearing. They didn't say that. And another error of the court, I'm sorry, a little nervous, excuse me. Another error of the court, another error of the court committed was not considering, not even discussing the alleged fraud that I made in the proposed amendment petition. After Con Edison turned over the chain of custody forms the day before the hearing, the completed ones, this is really the laboratory chain of custody form, which is the results of the drug test. The next day at the arbitration hearing, Con Ed's attorney submitted two deliberately altered laboratory chain of custody forms. All the chain of custody forms were submitted into evidence through e-mail. So in the proposed amendment petition, I explained I have the e-mails in my possession. The two forms were deliberately doctored. That's fraud. I'm going to cite a case in- Did you put the case in your written materials? Yes, of course I did. Just so you know, we've got your briefs, just with everybody else, right? I'm sorry. We have all your briefs, the papers we've all got, and really the oral argument is just to add anything that you think maybe you want to highlight from the papers. Thank you, yeah. We've got those cases, don't worry about it. Yeah, I just wanted to, could I say one other thing real quick? Absolutely. Thank you very much, I appreciate it. So the fraud, the district court did not address the fraud. And also, the district court failed to acknowledge, never discussed Con Edison making an argument that is clearly false. And was trying to mislead the court by saying the DOC regulations had no application whatsoever when in writing, their own final written argument submitted into the arbitrator proves that they argued that the DOC regulations apply. My proposed amended petition made Con Edison's attorney, I shouldn't say made, but he realized he could not defend Con Edison's behavior or the union's behavior by saying that the regulations applied. But it's in black and white that they did apply. And yeah, and also my due process rights being violated severely. Chain of custody, not complete. It's totally, it's, Tesoro cannot be trusted. And also the documents from the laboratory, I should be able to inspect them and review them because it could just show it was a minor paperwork mistake or anything. Thank you. We have all those arguments. We thank you very much for coming down today. Just like every other case we heard today, we'll take it under advisement, which means that we're going to get together, including with the third judge, who will be listening to the arguments today. And at some point, there will be a written ruling in your case and all the other ones today. Thank you. So thank you very much. Thank you very much.